*Joseph Grubb *against* George M'Cullough [\*193 and Isabella his wife, late Isabella Grubb, executrix of Thomas Grubb, deceased.

John Grubb *against* same defendants.

Thomas Grubb *against* same defendants.

James Grubb *against* same defendants.

Benjamin Grubb *against* same defendants.

S. C. 2 Dall. 191.

The defendant cannot remove a cause after auditors have examined the witnesses, tho' they have not agreed on their report; *a multo fortiori*, where they have agreed on it.

THESE were five different suits brought for legacies devised to the plaintiffs respectively, under the will of their father, Thomas Grubb, during the late war. Auditors were appointed and struck under the depreciation act, by the Court of Common Pleas of Lancaster county, in May term 1791, to ascertain the demands of the several plaintiffs; and the different actions were continued under the same rules of reference at the August term following. The auditors met in pursuance of these rules, and heard the parties and their witnesses, and upon the 16th August 1791, agreed upon and subscribed their reports, finding for the plaintiffs the sums therein specified to be due in specie; but their reports were not delivered to the Court of Common Pleas until their adjourned court, on the 9th December 1791, at which time (either just before or after the delivery of the reports, for the counsel were not agreed herein) the defendants tendered writs of *habeas corpus* in the different suits, which were allowed, and the transcript of the records, with the original reports, sent up to this court. No continuance of the rules of reference appeared to be entered in November term 1791.

A motion was now made for *procedendos* in the different causes; which the court without difficulty granted, and refused to hear the testimony of John Hubley, esq. the prothonotary below, offered by the plaintiffs, to prove the delivery of the reports into the Common Pleas, previous to the tender of the writs of *habeas corpus*.

*Per curiam.* It appears from the records, that the reports were agreed on and subscribed on the 16th August 1791. The rules of reference, not being struck off, must be deemed to continue until discharged either by consent or rule of court. This * is a much stronger case than that of [\*194 swearing a juror, and therefore the defendants were not competent to remove the suits by *habeas corpus* at the ad-

[Grubb *v.* M'Cullough.]

journed court in December. If even the auditors had proceeded to examine the witnesses, though they had not agreed on their reports, neither party could remove the actions while *sub judice.* If either the plaintiffs or defendants were dissatisfied with the conduct of the referees, their proper remedy was by application to the Court of Common Pleas, who it must be presumed, would in every reasonable and equitable case, grant them relief.

*Procedendos* awarded *per totam curiam.*

Mr. Ingersoll, *pro quer.*

Mr. Tilghman, *pro def.*